**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
*Sayre v. C.R. Bard, Inc.*,
Case No. 2:25-cv-1015

**ORDER**

This matter is before the Court on Plaintiff John Sayre's Motion to Remand the case to state court. (ECF No. 9.) That Motion is fully briefed and ripe for consideration. For the reasons below, Mr. Sayre's Motion to Remand (ECF No. 9) is **GRANTED**.

Mr. Sayre is a citizen of California. (Notice of Removal, ECF No. 1, ¶ 4.) Defendant C.R. Bard, Inc. ("Bard") is a citizen of New Jersey, where it is incorporated and maintains its principal place of business. (*Id.* ¶¶ 5, 6.)

On August 14, 2025, Mr. Sayre filed an action against Bard in the Superior Court of New Jersey, asserting a products liability claim under New Jersey law for injuries resulting from a Bard hernia mesh device that was implanted in Mr. Sayre. (*Id.* ¶ 1.) The next day, Bard removed the case to federal court (*Id.* ¶ 13), and it was transferred to this Court from the District of New Jersey. (ECF No. 4; MDL ECF No. 912.) Mr. Sayre filed the instant Motion to Remand (ECF No. 9) on September 12, 2025.

"[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "[A]ny civil action brought in a State court

of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant who removes a case to federal court carries the burden of establishing federal jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citations omitted).

Mr. Sayre and Bard do not dispute that they are diverse parties and that the amount in controversy exceeds $75,000. Instead, Mr. Sayre submits that removal of this case was improper under the forum defendant rule, set forth in 28 U.S.C. § 1441(b)(2), because Bard is a citizen of New Jersey. (*See* Mot., ECF No. 9-1, PageID 12–13.) Bard responds that removal was proper because Mr. Sayre did not serve Bard before it removed the case, and the plain language of section 1441(b)(2) permits a defendant to remove under such circumstances. (Opp., ECF No. 13, PageID 112.) As set forth below, the Court agrees with Mr. Sayre.

This dispute hinges on the propriety of "snap removal." The Court begins by noting that Congress's strong disfavor of removal requires courts to construe removal statutes narrowly to limit federal court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (explaining that removal statutes should be narrowly construed because they implicate federalism concerns). The defendant bears the burden of proving its right to a federal forum, and courts should resolve all doubts in favor of remand. *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 860 (N.D. Ohio 2008) (citations omitted).

Bard argues that removal is proper based on the plain language of 28 U.S.C. § 1441(b)(2), which reads in pertinent part:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added). Deriving from this statute is the "forum defendant rule," which "reflects the belief that even if diversity exists, a forum defendant—a defendant who is a citizen of the state in which it is sued—has no reason to fear state court prejudice." *Gordon v. Goodyear Tire & Rubber Co.*, No. 5:21-cv-1097, 2022 WL 34069, *4 (N.D. Ohio Jan. 3, 2022) (citation modified). But Bard contends that the plain text of the statute permits a forum defendant to remove an action so long as it has not been "properly joined and served" at the time of removal. And because Mr. Sayre failed to serve Bard before Bard's removal of the case, Bard asserts that the removal was proper. Bard further directs the Court's attention to dicta from the Sixth Circuit, decisions from other courts of appeals, and decisions from other district courts suggesting that "snap removal" is permissible for the same reason. (Opp., PageID 118–20.)

Mr. Sayre, on the other hand, argues that "snap removal" is inconsistent with congressional intent. (*See* Mot., PageID 12–13.) In addition, Mr. Sayre accurately notes that all the decisions that Bard relies on to establish that "snap removal" is proper are nonbinding on this Court. (*See id.*, PageID 13–14.)

Contrary to those nonbinding decisions, "[t]he better course of action—and the course this Court will take—is to follow in the footsteps of a substantial number of the District Courts within the Sixth Circuit." *Grimm Sci. Indus., Inc. v. Foam Supplies, Inc.*, No. 2:22-cv-1477, 2022 WL 16569213, at *5 (S.D. Ohio Nov. 1, 2022). The Northern District of Ohio, in a case factually identical to this one in all relevant respects, issued a decision that offers a particularly enlightening explanation of Congress's intent regarding its enactment of 28 U.S.C. § 1441(b). *See Ethington*, 575 F. Supp. 2d at 861. The purpose underlying the "joined and served" language in section 1441(b)(2) is "to prevent gamesmanship by plaintiffs, who might name an in-state defendant against whom he or she does not have a valid claim in a complaint filed in state court

3

to defeat otherwise permissible removal by the non-forum defendant(s)." *Id.* (citations omitted). The court further noted that, because savvy defendants monitoring state dockets would be able to remove before service is perfected, permitting "snap removal" would "eviscerate a plaintiff's well-established right to choice of forum, by essentially precluding a plaintiff from ever being able to litigate a case in the defendant's own home state courts if the defendants are sophisticated litigants." *Id.* The *Ethington* court thus declined to allow "snap removal" by the unserved forum defendant in that case. *Id.* at 864.

For the same reasons, after careful review of the law in the Sixth Circuit and in an effort to effectuate congressional intent, this Court finds that Bard's removal of this case from state court to federal court was improper.

Accordingly, the Court **GRANTS** (ECF No. 9) Plaintiff's Motion to Remand. This case is hereby **REMANDED**, and the Clerk is **DIRECTED** to return the case to the Superior Court of New Jersey and close it on this Court's docket.

**IT IS SO ORDERED.**

**5/18/2026**
**DATE**                                        **s/Edmund A. Sargus, Jr.**
                                                **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**

4